■ CALCADOS SAMELLO, S. A., Respondent, v INTERSHOE INCORPORATED, Appellant. — Order of the Supreme Court, New York County, entered May 22, 1980, reversed, on the law and the facts, to the extent appealed from, without costs, and the matter remanded to Special Term with directions, (1) to delete from Item q of the notice of discovery so much thereof as requires the production of documents belonging to entities other than defendant and over which defendant has neither possession nor control; and (2) to examine, *in camera,* those portions of the redacted documents to determine whether the parts sought to be excised are relevant to the instant lawsuit. The action here involved is for breach of contract and for goods sold and delivered. Plaintiff served upon defendant an eight-page notice to produce documents. Defendant objected to two groups of documents. One involved those which are the property of Brascan Limited, a Canadian corporation which is the parent of defendant. These documents are in the possession of Brascan and defendant asserts, without contradiction that it requested the documents of Brascan and the request was refused. The second group of documents contain material which deals with defendant's business relationship with firms other than plaintiff. Defendant asserts that these documents are four in number and it seeks to redact portions of them on the ground that disclosure of these other business relations, which are claimed to be irrelevant to the suit here involved, would seriously prejudice defendant's relations with those firms. It is obvious that defendant cannot produce that which it does not possess and over which it has no control. Accordingly, Item q of the notice to produce documents must be modified to eliminate the Brascan documents. So far as concerns the four redacted documents, we remand to Special Term for an inspection of the documents *in camera* for the purpose of determining their materiality to the matters here in suit. If they are found to be relevant, the redaction should be overruled. If, on the other hand, it is concluded that they are immaterial, the excision of the questions' parts should be sustained. Concur — Kupferman, J. P., Birns, Ross, Bloom and Carro, JJ.