■ INTERNATIONAL DICTATING & TELEPHONE EQUIPMENT, INC., Respondent, v RANDY INTERNATIONAL, LTD., Appellant. [638 NYS2d 650]

The IAS Court correctly found that the documents comprising the parties' contract are unambiguous in requiring that defendant not release the goods to the buyer without payment (see, e.g., Brooklyn Overall Export Co. v Amerford Intl. Corp., 83 AD2d 598, affd 54 NY2d 907). It is irrelevant whether, in this particular transaction, defendant acted as a common carrier or merely as a freight forwarder, since loss of or damage to goods is not involved. We have considered defendant's other arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Rubin, Kupferman and Tom, JJ.

■ SUSAN GRAY, Respondent, v WALLMAN & KRAMER, Appellant, et al., Defendant. (And a Third-Party Action.) [639 NYS2d 26]

We agree with the IAS Court that, under the circumstances, the instant case should be on the trial calendar. Indeed, while defendant Wallman & Kramer has repeatedly attempted to demonstrate that plaintiff has failed to satisfy its discovery requests, the record sufficiently establishes that not only has plaintiff complied with the discovery demands, but many demands are wholly irrelevant to the issues in this action. Moreover, the additional discovery which defendant-appellant seeks from plaintiff concerns information outside the possession or control of plaintiff (see, Calcados Samello, S. A. v Intershoe Inc., 78 AD2d 796), and defendant's conduct with respect to these discovery proceedings borders on the vexatious. Concur—Rosenberger, J. P., Ellerin, Rubin, Kupferman and Tom, JJ.