■ SALLY KRAEMER et al., Appellants, v K-MART CORPORATION, Respondent. [641 NYS2d 130] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), dated March 29, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

In order for a plaintiff in a slip and fall case to establish a prima facie case of negligence, the plaintiff must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition (*see*, *Eddy v Tops Friendly Mkts.*, 91 AD2d 1203, *affd* 59 NY2d 692; *Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280). To constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837).

Applying these principles to the instant case, we find that the Supreme Court properly granted the defendant's motion for summary judgment. Here, the record reveals that the injured plaintiff was shopping in the defendant's store when

she slipped on a small piece of cardboard or a plastic store ticket which had fallen to the floor in the vicinity of the shoe department. The injured plaintiff did not notice the cardboard or the store ticket on the floor prior to her fall, and there is no evidence of how long the cardboard and plastic ticket had been on the floor. Accordingly, it would be speculative to infer that these items had been on the floor for any appreciable length of time (*see, Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835; *Rotunno v Pathmark,* 220 AD2d 570; *Milea v Ames Dept. Store,* 219 AD2d 798). Moreover, the defendant's general awareness of the fact that price and size tickets did at times fall from its shoes is insufficient to establish constructive notice of the particular condition which caused the plaintiff's fall (*see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Gordon v American Museum of Natural History, supra*).

Furthermore, in the absence of any proof that the defendant was negligent in applying wax and polish to its floor, the plaintiffs' claim that the floor was slippery does not give rise to an inference of negligence (*see, Calabrese v B.P.O. Elks Lodge # 744,* 215 AD2d 345; *Pizzi v Bradlee's Div.,* 172 AD2d 504). Miller, J. P., Joy, Hart and Krausman, JJ., concur.