■ ANNE M. PACIELLO et al., Respondents, v MAY DEPARTMENT STORES COMPANY, Doing Business as LORD & TAYLOR, et al., Appellants. [694 NYS2d 96] —In an action to recover damages for personal injuries, etc., (1) the defendant May Department Stores Company d/b/a Lord & Taylor appeals from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), dated August 19, 1998, as denied its motion, *inter alia,* for summary judgment dismissing the complaint insofar as asserted against it and granted the plaintiffs' cross motion to the extent of resolving the issues of fact presented under the plaintiffs' cause of action based on negligent design of a bathroom in favor of the plaintiffs, and (2) defendant Planned Building Services separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the appellants' motions are granted, the plaintiffs' cross motion is denied, and the complaint is dismissed.

In order to constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Kraemer v K-Mart Corp.,* 226 AD2d 590; *Davis v Supermarkets Gen. Corp.,* 205 AD2d 730). Here, in the absence of proof as to how long a puddle of water was on the floor, there is no evidence to permit an inference of constructive notice (*Kraemer v K-Mart Corp., supra; Cipolla v Supermarkets Gen. Corp.,* 215 AD2d 346). Proof of a defendant's awareness of a general condition is not sufficient to establish constructive notice of the particular condition which caused the injured plaintiff to fall (*see, Piacquadio v Recine Realty Corp.,*

84 NY2d 967; *Kraemer v K-Mart Corp., supra*; *Kane v Human Servs. Ctr.*, 186 AD2d 539).

The amended complaint includes allegations that the defendants were negligent "in the design, planning, construction and maintenance of [the bathroom] particularly in the installation of a slippery tile floor, faulty installment of paper towel holders, presence of water, and failure to provide safety mats". As a sanction for supposedly willful failure to make disclosure (*see,* CPLR 3126), the Supreme Court, upon the plaintiffs' cross motion, ruled that the issues of fact related to this claim should be deemed resolved in favor of the plaintiffs. We find that this sanction was unwarranted (*see generally*, *Saferstein v Stark*, 171 AD2d 856; *Rosado v Mercedes-Benz of N. Am.*, 103 AD2d 395; *Calcados Samello v Intershoe Inc.*, 78 AD2d 796). We also find that the plaintiffs failed to demonstrate the existence of any triable issue of fact with respect to this theory of liability. Bracken, J. P., Thompson, Goldstein and Florio, JJ., concur.