■ ANTOINNE SHY, Appellant-Respondent, v CITY OF NEW YORK, Respondent-Appellant. [699 NYS2d 423] —Motion by the appellant for reargument of an appeal from an order of the Supreme Court, Queens County, dated June 23, 1998, which was determined by decision and order of this Court dated June 1, 1999.

Upon the papers submitted in support of the motion and the papers having been filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that upon reargument, the unpublished decision and order of this Court dated June 1, 1999, is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the plaintiff appeals from stated portions of an order of the Supreme Court, Queens County (Polizzi, J.), dated June 23, 1998, which, *inter alia,* denied his motion for partial summary judgment on the issue of liability, and the defendant crossappeals from the same order.

Ordered that the application by the defendant to withdraw its cross appeal is granted and the cross appeal is dismissed as withdrawn; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

While employed as a firefighter with the City of New York Fire Department, the plaintiff was injured when a portion of a ceiling collapsed on top of him as he was lifting weights in the firehouse. The plaintiff moved for partial summary judgment, contending, *inter alia*, that the allegedly defective ceiling was a proximate cause of his injuries.

In order for a plaintiff to establish a prima facie case of negligence, the plaintiff must demonstrate that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition (*see, Kraemer v K-Mart Corp.,* 226 AD2d 590). Here, the plaintiff failed to establish that the defendant caused the defect in the ceiling and failed to demonstrate the absence of triable issues of fact regarding whether the defendant had notice that the ceiling was in danger of collapsing. The defendant submitted evidence indicating, *inter alia*, that an inspection of the premises revealed no water damage to the ceiling which collapsed and that all reported problems were promptly repaired. Additionally, the firehouse had three separate roofs and had experienced problems with several different ceilings, and it is unclear from the record whether the defendant had received complaints specifically regarding the ceiling of the weight room where the plaintiff's accident occurred. Consequently, questions of fact remain as to whether the defendant had notice of the alleged defect in the third-floor ceiling.

Further, questions of fact exist as to whether the ceiling collapse was a proximate cause of the plaintiff's injuries (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). The plaintiff's expert opined that the plaintiff's head, neck and back injuries were the direct result of the accident at the firehouse. However, other documentation, such as the plaintiff's medical history and sick leave records dating as far back as 1987, submitted by the defendant, indicate that the plaintiff had suffered from extensive and similar injuries over a number of years during his employment as a firefighter. Indeed, the plaintiff's bill of particulars specifically states that his current back injury "ha[s] aggravated and [is] superimposed upon underlying significant pre-existent history as plaintiff had undergone a previous repair of internal dislocation of shoulder". Thus, it appears that the plaintiff's injuries might be the result of progressive degenerative disease related to previous medical conditions rather than as a result of the firehouse incident.

Accordingly, the Supreme Court properly denied the plaintiff's motion for partial summary judgment on the issue of liability (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.