■ WILLIAM McDUFFIE, Respondent, v FLEET FINANCIAL GROUP, INC., Doing Business as FLEET BANK, Appellant. [703 NYS2d 510] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Dye, J.), dated June 2, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In order to constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *see also, Kraemer v K-Mart Corp.*, 226 AD2d 590). Here, in the absence of proof as to how long a puddle of water was on the floor, there is no evidence to permit an inference that the defendant had constructive notice of the condition in question (*see, Paciello v May Dept. Stores Co.*, 263 AD2d 533; *Kraemer v K-Mart Corp., supra*).

Even assuming that the plaintiff had raised a triable issue of fact as to whether the defendant was aware that water on the lobby floor of its bank was a recurring condition in rainy weather, proof that the defendant was aware of a general condition is not sufficient to establish constructive notice of the particular condition which caused the injured plaintiff to fall (*see, Piacquadio v Recine Realty Corp.*, 84 NY2d 967; *Kraemer v K-Mart Corp., supra*). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.