■ EUGENIA NEARCHOU et al., Respondents, v BROADWAY MALL PROPERTIES, INC., Appellant. [705 NYS2d 286] —In an action to recover damages for personal injuries, etc., the defen-

dant appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated February 16, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

To establish a prima facie case of negligence in a "slip-and-fall" action, a plaintiff must demonstrate that the defendant either created the condition that caused the accident or had actual or constructive notice thereof (*see, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692; *Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280).

The plaintiffs, relying upon a theory of constructive notice, failed to rebut the defendant's showing that small spots of clear water were not visible and apparent and had not existed for a sufficient length of time before the accident to permit the defendant's employees to discover and remedy the allegedly dangerous condition (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Paciello v May Dept. Stores Co.,* 263 AD2d 533; *Kane v Human Servs. Ctr.,* 186 AD2d 539; *cf., Batiancela v Staten Is. Mall,* 189 AD2d 743). Accordingly, the defendant's motion for summary judgment should have been granted. Krausman, J. P., H. Miller, Schmidt and Smith, JJ., concur.