■ HILDA SOSA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [719 NYS2d 904] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 20, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it (see, *Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *Kraemer v K-Mart Corp.*, 226 AD2d 590). Here, in the absence of proof as to how long the potato chip bag which allegedly caused the plaintiff's fall was on the stairway, there is no evidence to permit an inference that the defendant had constructive notice of the condition in question (see, *McDuffie v Fleet Fin. Group*, 269 AD2d 575; *Paciello v May Dept. Stores Co.*, 263 AD2d 533; *Kraemer v K-Mart Corp.*, *supra*). Accordingly, the defendant made a prima facie showing of the absence of notice as a matter of law. In opposition, the plaintiff failed to come forward with sufficient evidence to show the existence of a triable issue of fact. Bracken, Acting P. J., S. Miller, McGinity and Schmidt, JJ., concur.