■ MURRAY KERSHNER et al., Appellants, v PATHMARK STORES, INC., Respondent, et al., Defendant. [720 NYS2d 552] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated May 5, 2000, as granted that branch of the motion of the defendant Pathmark Stores, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

A plaintiff in a slip-and-fall case must "demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition" (*Kraemer v K-Mart Corp.,* 226 AD2d 590). To consti-

tute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837).

In the absence of proof as to how long a puddle of water was on the floor of the entrance to its store, there is no evidence to permit an inference that the defendant Pathmark Stores, Inc. (hereinafter Pathmark), had constructive notice of the condition (*see, McDuffie v Fleet Fin. Group,* 269 AD2d 575; *see also, Maguire v Southland Corp.,* 245 AD2d 347).

Even assuming that the plaintiffs raised a triable issue of fact as to whether Pathmark was aware that water on the floor was a recurring condition in rainy weather, "proof that [a] the defendant was aware of a general condition is not sufficient to establish constructive notice of the particular condition which caused the injured plaintiff to fall" (*McDuffie v Fleet Fin. Group, supra,* at 575; *see, Chemont v Pathmark Supermarkets,* 279 AD2d 545); *see also, Piacquadio v Recine Realty Corp.,* 84 NY2d 967). Bracken, Acting P. J., S. Miller, McGinity and Schmidt, JJ., concur.