■ JOYCE WELLES, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [725 NYS2d 385] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated July 6, 2000, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, and the complaint is dismissed.

The plaintiff alleged that she was injured when she slipped on melting snow near an elevator on the eighth floor of an apartment building owned by the defendant New York City Housing Authority and maintained by the defendant Phipps Houses Services, Inc. (hereinafter the defendants). Based on

photographs of the eighth floor hallway taken about an hour after the accident, and the deposition testimony of the plaintiff and a maintenance employee, the defendants established prima facie that they did not have actual or constructive notice of the allegedly dangerous condition. In response to the motion, the plaintiff contended that the defendants were aware of a recurring condition of slush in the hallway due to a recent blizzard and therefore they may be charged with constructive notice of the specific condition causing her fall.

To establish constructive notice, the plaintiff must show that the dangerous condition was visible and apparent and had existed for a sufficient time before the accident to permit the defendants' employees to discover and remedy it (see, Gordon v American Museum of Natural History, 67 NY2d 836). The general awareness that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused the plaintiff's injury (see, Piacquadio v Recine Realty Corp., 84 NY2d 967). The plaintiff's contention that the defendants had a general awareness that slush would accumulate on the hallway floor after snow was tracked into the building was insufficient to raise a triable issue of fact (see, Dember v Winthrop Univ. Hosp., 272 AD2d 431; Low v 138-15 Franklin Ave. Apts. Corp., 272 AD2d 57; McDuffie v Fleet Fin. Group, 269 AD2d 575). Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been granted. O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.