■ GLORIA HERNANDEZ, Appellant, v MENSTOWN STORES, INC., Doing Business as GUYS BOUTIQUE, et al., Respondents. [735 NYS2d 55] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered November 14, 2000, which, as amended by an order, same court and Justice, entered on or about December 2, 2000, *inter alia*, granted the motion of defendants Harari and Menstown Stores, Inc., and the cross motion of defendants Siegel, Streit and Chernok for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff allegedly slipped on the public sidewalk abutting premises owned by defendants Siegel, Streit and Chernok and leased at the time of the accident by defendant J&F Harlem Corporation, the principal of which, defendant Harari, was also the principal of defendant Menstown Stores, Inc., a clothing retailer located across the street from the accident site. According to plaintiff, she fell when she slipped on an accumulation of trash that had become wet when rain from a very mild rainfall, .01 inch, was funneled by a sign on the owner defendants' building onto the trash. The complaint was properly dismissed. Owners and lessees are not responsible for hazards on public sidewalks abutting their premises unless they have made special use of the sidewalk or are responsible for the creation of the sidewalk hazard (*see, Morgan v Department of Sanitation of City of N. Y.*, 250 AD2d 525). Here, there was no allegation that either the owners or the lessee had made special use of the subject sidewalk and no proof that they created the alleged hazard. There was no evidence that either the out-of-possession owners or the lessee, which had never commenced business operations at the leased premises, were responsible for the accumulation of trash upon which plaintiff claims to have slipped, and an absence of proof sufficient to raise a triable issue as to whether the complained of drainage from the sign affixed to defendants' premises rendered the sidewalk hazardous. Inasmuch as there were no grounds presented to sustain the action as against either the owners or the lessee, the issue as to whether the lessee's corporate veil should have been pierced in order to hold its principal, defendant Harari, personally accountable along with Menstown, the other entity of which he was a principal, is academic.

We have reviewed plaintiff's remaining arguments and find them to be unavailing. Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.