■ CHRISTINE ANDERSON, Respondent, v CENTRAL VALLEY REALTY COMPANY, Appellant. [751 NYS2d 586] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated April 5, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly slipped and fell on a puddle of liquid on the third floor elevator lobby in the building where she worked, which is owned by the defendant. The plaintiff alleged that the puddle existed for a sufficient length of time for the defendant to have discovered and remedied it before the accident occurred, or alternatively, that the defendant had actual notice that the accumulation of water in the area where she fell was a recurring condition sufficient to charge it with constructive notice of the puddle's existence. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint, finding that there was an issue of fact as to whether the puddle existed for a sufficient amount of time for the defendant to discover and remedy it. We reverse.

It is well settled that to constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837). It is also well settled that a property owner who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of that condition (*see Petri v Half Off Cards,* 284 AD2d 444; *Osorio v Wendell Terrace Owners Corp.,* 276 AD2d 540; *Benn v Municipal Hous. Auth. for City of Yonkers,* 275 AD2d 755).

The defendant established its prima facie entitlement to summary judgment. Although the plaintiff testified that she observed *a puddle* of water on the floor near the men's bathroom approximately four hours before her fall, she clearly testified that the puddle which caused her to slip and fall was

in a different location. In the absence of any evidence as to how long the puddle in which the plaintiff slipped existed prior to her fall, "there is no evidence to permit an inference that the defendant had constructive notice of the condition" (*McDuffie v Fleet Fin. Group*, 269 AD2d 575; *see Kershner v Pathmark Stores*, 280 AD2d 583).

Similarly, the defendant established that it did not have actual notice of a recurring dangerous water condition in the area where the plaintiff fell. The deposition testimony of the defendant's employees and the nonparty maintenance staff at the building established that the defendant had no knowledge of any water condition on the third floor elevator lobby before the plaintiff's fall, and did not receive any complaints regarding such a condition.

In opposition, the plaintiff failed to raise a triable issue of fact as to the defendant's notice of the puddle under either theory of constructive notice. Other than the plaintiff's testimony regarding her observance of a different puddle upon her arrival at work, the plaintiff failed to present any evidence to establish that the puddle in which she slipped existed for any appreciable length of time prior to her fall. In addition, the evidence presented by the plaintiff to establish the defendant's notice of a recurrent water condition—air conditioning repairs and related ceiling leaks in the offices of two tenants on the third floor and plumbing repairs performed in the third floor ladies' bathroom—has no relation to the area where the plaintiff fell. Moreover, the testimony of the plaintiff and a nonparty witness regarding the allegedly frequent presence of water on the floor near the men's bathroom is also insufficient to refute the defendant's evidence that it did not have notice of this condition, as both the plaintiff and this nonparty witness testified that they never complained to any of the defendant's employees or the maintenance workers about this alleged condition, and were not aware of anyone who did.

In light of the foregoing, the defendant established its entitlement to summary judgment and the plaintiff failed to submit any evidence to raise a triable issue of fact. Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Ritter, J.P., Friedmann, Luciano and H. Miller, JJ., concur.