■ CARMEN ROSA, Respondent, v FOOD DYNASTY, Appellant. [763 NYS2d 756] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated June 24, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant had stacked shopping baskets outside of its store for customer use, and some of those baskets were scattered about the sidewalk. The plaintiff tripped and fell over one of the scattered baskets. The plaintiff commenced this action and, after discovery, the defendant moved for summary judgment on the ground that it neither created nor had notice of the condition that caused the plaintiff's fall or, alternatively, that the condition was open and obvious as a matter of law. The Supreme Court denied the motion. We reverse.

The defendant demonstrated, prima facie, that it neither created nor had actual or constructive notice of the condition that caused the plaintiff to fall. In an affidavit, the defendant's store manager stated that he did not know who scattered the baskets on the sidewalk, was unaware of baskets having been scattered prior to the accident, and was unaware of any complaints having been made concerning baskets on the sidewalk. Additionally, the plaintiff testified at her examination before trial that she had not noticed the basket over which she tripped before she fell and, therefore, could not establish how long the basket had been there before her accident.

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant affirmatively placed shopping baskets on the sidewalk other than in a stacked condition or created a dangerous condition by stacking the shopping baskets outside of its store (*see Yearwood v Cushman & Wakefield,* 294 AD2d 568 [2002]; *Kraemer v K-Mart Corp.,* 226 AD2d 590 [1996]). The plaintiff also failed to raise an issue of fact as to whether the defendant had received any prior complaints

regarding this condition so as to charge it with actual notice. Moreover, to constitute constructive notice, a condition must be visible and apparent, and must exist for a sufficient length of time prior to the accident to permit the defendant to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Yearwood v Cushman & Wakefield,* 294 AD2d 568 [2002]). In the absence of proof as to the length of time the basket was on the sidewalk, the plaintiff failed to raise a triable issue of fact as to whether the defendant had constructive notice of the condition on which the plaintiff fell (*see McDuffie v Fleet Fin. Group,* 269 AD2d 575 [2000]; *Maguire v Southland Corp.,* 245 AD2d 347 [1997]).

Accordingly, the defendant was entitled to summary judgment dismissing the complaint.

In light of the foregoing, we need not reach the defendant's remaining contention. Santucci, J.P., Feuerstein, Smith and Luciano, JJ., concur.