■ RICHARD MANZI, Respondent, v SALVATORE J. DeSANTIS, Appellant. [764 NYS2d 854] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Gigante, J.), entered August 20, 2002, which denied his motion, inter alia, to strike portions of the plaintiff's bill of particulars.

Ordered that the order is affirmed, with costs.

In March 1999 the plaintiff sustained an injury to his left leg in the course of his employment. In October 1999 the plaintiff injured his left ankle in a fall on the defendant's property. In May 2000 the plaintiff underwent ligament reconstruction surgery on the left ankle. In August 2000 the plaintiff received a workers' compensation award for "20 per cent schedule loss of use of the left leg" as a result of his March 1999 work-related accident.

The defendant contends, inter alia, that the plaintiff should not be permitted to seek damages for his ankle surgery because the workers' compensation award included a determination that the "carrier [is to] pay [for the] surgery performed to [the] left ankle." However, given the plaintiff's medical history, the nature of the workers' compensation award, as well as all of the circumstances of this case, the administrative determination that the plaintiff was entitled to recover benefits for the work-related accident is not conclusive proof that his ankle surgery was entirely and solely occasioned by that incident (*see Caiola v Allcity Ins. Co.*, 257 AD2d 586, 588 [1999]; *see generally Shy v City of New York*, 266 AD2d 275, 276 [1999]). Accordingly, the Supreme Court properly denied the defendant's motion. Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.