■ BRUNO KORACA et al., Respondents, v HERITAGE HILLS CONDOMINIUM ASSOCIATION #11, Respondent-Appellant, and HERITAGE DEVELOPMENT GROUP, INC., Respondent, and HERITAGE MAINTENANCE SERVICES, INC., Appellant-Respondent. [764 NYS2d 877] —In an action to recover damages for personal injuries, etc., the defendant Heritage Maintenance Services, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered November 13, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Heritage Hills Condominium Association #11 cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs, the motions are granted, and the complaint is dismissed.

In opposition to the showing of the defendants Heritage Hills Condominium Association #11 and Heritage Maintenance Services, Inc. (hereinafter the defendants) that they neither created the condition complained of, nor had actual or constructive knowledge thereof, the plaintiffs failed to show the existence of a triable issue of fact. The plaintiffs' contention that it was the negligent shoveling by Heritage Maintenance Services, Inc., that created the ice upon which the injured plaintiff fell was based upon sheer speculation and conjecture, and the Supreme Court erred in finding the existence of an issue of fact in this regard. Accordingly, the defendants' motions for summary judgment should have been granted (*see Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 589 [1994]; *Carricato v Jefferson Val. Mall Ltd. Partnership,* 299 AD2d 444 [2002]; *Voss v D & C Parking,* 299 AD2d 346 [2002]; *Welles v New York City Hous. Auth.,* 284 AD2d 327 [2001]; *see also Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Florio, J.P., Schmidt, Crane and Cozier, JJ., concur.