■ MAGALY GONZALEZ et al., Respondents, v JENEL MANAGE-MENT CORP. et al., Appellants. [784 NYS2d 135]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 17, 2001, which denied their motion for summary judgment dismissing the complaint. Justices Skelos, Fisher, and Lifson have been substituted for the late Justice O'Brien and former Justices McGinity and Townes (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Magaly Gonzalez alleged that she was injured when she slipped and fell on a wet stair located just inside the defendants' premises. She further alleged that the stair had become wet as the result of people tracking water into the premises during an ongoing rainfall.

A plaintiff in a slip-and-fall case must demonstrate that the defendant created, or had actual or constructive notice of the defective condition which allegedly caused him or her to fall (*see Price v EQK Green Acres*, 275 AD2d 737 [2000]; *Kraemer v K-Mart Corp.*, 226 AD2d 590 [1996]). To constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit a defendant to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Moreover, proof of "a 'general awareness' that a dangerous condition may be present" is not sufficient to establish notice of the particular condition which caused a plaintiff to fall (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *see Welles v New York City Hous. Auth.*, 284 AD2d 327 [2001]). Here, the defendants met their initial burden of establishing that they

neither created nor were aware of the alleged dangerous condition.

In opposition, the plaintiffs failed to provide evidence as to how long the puddle had been on the step, thereby making it pure speculation that the defendants had sufficient time to remedy the situation (*see McDuffie v Fleet Fin. Group,* 269 AD2d 575 [2000]). Further, even assuming that the defendants were aware that water on the steps was a recurrent condition in rainy weather, proof that the defendants were aware of this general condition is not sufficient to establish constructive notice of the particular condition which caused the injured plaintiff to fall (*see Kershner v Pathmark Stores, Inc.,* 280 AD2d 583, 584 [2001]; *McDuffie v Fleet Fin. Group, supra* at 575). Smith, J.P., Skelos, Fisher and Lifson, JJ., concur.