■ THOMAS KILLEEN, Appellant, v OUR LADY OF MERCY MEDICAL CENTER, Respondent. [827 NYS2d 19]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered August 3, 2005, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action for personal injury sustained by plaintiff when he allegedly slipped and fell on black ice in the loading dock area of defendant's premises, defendant met its burden of demonstrating, prima facie, that it had not created the alleged hazard or had actual or constructive notice of it (see *Manning v Americold Logistics, LLC*, 33 AD3d 427 [2006]). In response, plaintiff failed to adduce evidence sufficient to raise a triable issue of fact. His theory that the hazard formed during the 10 days prior to the accident, which was sufficient time for defendant to have discovered and remedied it, is speculative. Nor is there any nonspeculative basis for plaintiff's contention that defendant's employees may have caused or exacerbated the alleged hazard in the course of clearing snow, particularly since the evidence showed that the last snowfall of more than one inch occurred four days prior to the accident, with only trace amounts of precipitation during the two days leading up to the accident (see *id.*). Plaintiff failed to produce evidence that defendant had actual or constructive notice of the alleged hazard. There were no known complaints of a hazardous condition, and even plaintiff had not noticed the black ice before he fell (see *Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444 [2002]). Concur—Mazzarelli, J.P., Andrias, Friedman, Gonzalez and Catterson, JJ.