■ ELIZABETH EARLY et al., Respondents, v HILTON HOTELS CORPORATION, Individually and Doing Business as WALDORF ASTORIA HOTEL, et al., Appellants. [904 NYS2d 367]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 14, 2008, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed against all defendants. The Clerk is directed to enter judgment accordingly.

Plaintiff Elizabeth Early allegedly tripped and fell on a plastic strap while traversing the sidewalk adjacent to the loading dock of defendants' premises. Plaintiffs allege that defendants were negligent in the maintenance of the sidewalk abutting their property and that this negligence caused the accident.

Defendants moved for summary judgment and the motion court denied the motion solely on the ground that questions of fact regarding whether defendants created the condition alleged precluded summary judgment. The motion court, implicitly finding the issue of notice inapplicable, never addressed the same. We now reverse.

On September 14, 2003, with the passage of section 7-210 of the Administrative Code of the City of New York, the duty to maintain and repair public sidewalks, within the City of New York, and any liability for the failure to do so, was shifted, with certain exceptions, to owners whose property abuts the sidewalk (*see Ortiz v City of New York*, 67 AD3d 21, 25 [2009], *revd on other grounds* 14 NY3d 779 [2010]; *Wu Zhou Wu v Korea Shuttle Express Corp.*, 23 AD3d 376, 377 [2005]; *Klotz v City of New York*, 9 AD3d 392, 393 [2004]). Accordingly, owners of nonexempted properties must now keep the sidewalks abutting their properties in a reasonably safe condition, much in the same way they are obligated to maintain their respective premises. It is well settled that in order to hold an owner liable for a dangerous condition within a premises, it must be established that the owner created the dangerous condition alleged (*Wasserstrom v New York City Tr. Auth.*, 267 AD2d 36, 37 [1999], *lv denied* 94

NY2d 761 [2000]; *Allen v Pearson Publ. Empire*, 256 AD2d 528, 529 [1998]; *Kraemer v K-Mart Corp.*, 226 AD2d 590, 590 [1996]) or failed to remedy the condition, despite having prior actual or constructive notice of it (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Bogart v Woolworth Co.*, 24 NY2d 936, 937 [1969]; *Irizarry v 15 Mosholu Four, LLC*, 24 AD3d 373, 373 [2005]). Therefore, pursuant to section 7-210, liability for an accident on a sidewalk abutting real property will arise when it is established that the owner of said property created the condition alleged or had prior notice.

A defendant owner is charged with having constructive notice of a defective condition when the condition is visible, apparent, and exists for a sufficient length of time prior to the occurrence of an accident to permit the defendant to discover and remedy the condition (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Irizarry* at 373). The absence of evidence demonstrating how long a condition existed prior to a plaintiff's accident constitutes a failure to establish the existence of constructive notice as a matter of law (*Anderson v Central Val. Realty Co.*, 300 AD2d 422, 423 [2002], *lv denied* 99 NY2d 509 [2003]; *McDuffie v Fleet Fin. Group*, 269 AD2d 575 [2000]). Alternatively, a defendant may be charged with constructive notice of a hazardous condition if it is proven that the condition is one that recurs and about which the defendant has actual notice (*Chianese v Meier*, 98 NY2d 270, 278 [2002]; *Uhlich v Canada Dry Bottling Co. of N.Y.*, 305 AD2d 107, 107 [2003]). If such facts are proven, the defendant can then be charged with constructive notice of each condition's recurrence (*id.*; *Anderson* at 422).

In this case, the accident occurred subsequent to the enactment of section 7-210. Thus, liability against defendants here may be premised not only upon whether they created the condition alleged by plaintiffs, but also upon proof that they had prior notice, actual or constructive, of the condition.

Defendants established the absence of actual notice inasmuch as Junior Foote, defendants' employee, whose duties included being present on defendants' loading dock while deliveries were made, testified that he never saw any straps on the sidewalk abutting defendants' property prior to the instant accident. The absence of actual notice is also established by Foote's testimony that prior to this accident, he had never received any complaints regarding accidents caused by straps on the sidewalk abutting defendants' property (*Rosa v Food Dynasty*, 307 AD2d 1031, 1031-1032 [2003]). Defendants also established the absence of constructive notice inasmuch as there is no record evidence as

to how long the strap was on the sidewalk prior to her fall and plaintiff testified that she did not see the strap she alleges caused her to fall until after she fell (*see Anderson* at 423; *McDuffie* at 575).

Plaintiffs' contention that constructive notice can be imputed to defendants because the presence of straps on the sidewalk was a recurring condition is without merit. The injured plaintiff testified that prior to this accident she had not seen any straps at all on the sidewalk abutting defendants' property. That she saw other straps in the defendants' loading dock, abutting the sidewalk, minutes after her fall and again months thereafter, is not proof that the presence of straps on the *sidewalk* was a recurring condition (*Gordon* at 838). More importantly, to the extent that the record is bereft of any evidence that defendants had actual notice of any straps on the sidewalk prior to the accident, plaintiffs have failed to prove constructive notice of a recurring condition (*see Chianese* at 278; *Uhlich* at 107).

Defendants also established that they did not create the condition alleged. Foote testified that with regard to packages delivered to defendants' premises via the loading dock, while the same would, in large part, be bound by plastic straps, the packages would always be brought inside the premises and only then were the straps removed by defendants and discarded in receptacles. Foote further asserted that defendants never removed straps from the packages within the loading dock. Thus, any straps within the loading dock or on the abutting sidewalk would not have been the result of defendants' acts or omissions (*Rosa* at 1031; *Hernandez v Menstown Stores*, 289 AD2d 139 [2001]; *Montalvo v Western Estates*, 240 AD2d 45, 47-48 [1998]). While it is true that Foote was unaware of what other employees might have done with regard to straps on packages delivered to the premises, an issue urged by plaintiffs, he nevertheless stated that said employees would have had no need to remove the straps, and that he, whose duties required his presence on the loading dock, never witnessed conduct warranting any instruction proscribing the same. Thus, Foote established defendants' custom and practice and their adherence thereto. Concur—Andrias, J.P., McGuire, Moskowitz, Freedman and Román, JJ. **[Prior Case History: 2008 NY Slip Op 33059(U).]**