■ June Slates, Respondent, v New York City Housing Authority, Appellant, and Stealth Contracting, Inc., Appellant-Respondent, et al., Defendant. [914 NYS2d 12]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered March 15, 2010, which, inter alia, denied defendants Stealth Contracting, Inc.'s and New York City Housing Authority's (NYCHA) motions for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motions granted and the complaint dismissed as against Stealth and NYCHA. The Clerk is directed to enter judgment accordingly.

On the morning of February 14, 2006, plaintiff tripped and fell on black ice on a walkway outside her residence, which was owned and maintained by NYCHA. At that time, the walkway was covered by a sidewalk shed installed by Stealth.

Plaintiff testified at her deposition that she did not notice any ice or hazardous conditions on the walkway prior to her fall. She testified that at the time she fell, she observed that the entire area was covered by black ice. After she fell, she remained seated for 20 minutes and saw moisture coming down from the side of the shed but did not feel or see any water dripping on her. NYCHA's premises caretaker testified that, upon arriving at the scene of the accident, he observed a small patch of barely visible black ice, as well as some water dripping "by the ceiling or the roof" of the shed, which consisted of drops, rather than a steady stream of water.

The motion court properly found that Stealth had neither actual nor constructive knowledge of any hazard, but erred in denying Stealth's motion for summary judgment. Plaintiff's reference to a few drops of water and an alleged defect in the shed to explain both how the ice patch formed and how the entire accident site was covered with ice is speculation. As such, it cannot serve to defeat Stealth's motion for summary judgment (*Listopad v Sherwood Equities, Inc.*, 52 AD3d 300 [2008]).

The motion court also erred in denying NYCHA's motion for summary judgment. The record contains no evidence that NYCHA had constructive or actual notice of the black ice, or that it created the condition (*see Killeen v Our Lady of Mercy Med. Ctr.*, 35 AD3d 205 [2006]; *Solazzo v New York City Tr. Auth.*, 21 AD3d 735 [2005], *affd* 6 NY3d 734 [2005]; *Cardinale v Watervliet Hous. Auth.*, 302 AD2d 666, 666-667 [2003]). The affidavit offered by plaintiff of a NYCHA employee who stated that she also fell on the date of the accident contains no indication that she notified NYCHA of her mishap. Further, the affidavit of plaintiff's son, which stated that earlier in the morning he observed slippery conditions and water cascading down the center of the shed, directly contradicted plaintiff's testimony that she did not observe any hazardous condition prior to her fall. As such, that affidavit, introduced solely in opposition to summary judgment, is self-serving and should have been disregarded. Finally, given the above, NYCHA is not entitled to indemnification for its defense costs. Concur—Sweeny, J.P., Catterson, Moskowitz, Renwick and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 30530(U).]**