(May 10, 2011)

■ NANCY HASELEY, Appellant, v GREGORY ABELS et al., Respondents, et al., Defendant. [922 NYS2d 393]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 13, 2009, which, to the extent appealed from as limited by the briefs, granted the Abels defendants' motion for summary judgment, reversed, on the law, without costs, the motion denied, the complaint reinstated against those defendants, and the matter remanded for further proceedings.

Defendants Gregory and Karpal Abels own a brownstone at 120 Washington Place in Manhattan. In the early 1970s, the Abelses arranged for a metal fence to be built around a tree well in front of their property. The square fence consisted of four sides, which were originally welded together. Each side had repeating wicket shaped loops. The record does not indicate whether or how the fence was connected to the sidewalk or dirt surrounding the tree.

At her deposition, plaintiff testified that on the evening of December 28, 2004, she was walking home from dinner when she tripped on a dislodged portion of the Abelses' fence. She claimed that the fence was obstructing the sidewalk. She recounted that it was snowing at the time, and that approximately one quarter inch of snow had accumulated on the ground. Haseley testified that she lived less than a block from the Abelses for at least four years prior to the accident, and would walk past their property several times every day, either walking to and from work or when walking her dog. She recounted that on several occasions prior to her accident, she observed the fence in a state of disrepair, with the side facing the house "loose, dislodged from the other sections and basically lying against the tree."

In direct contrast to this account, Mr. Abels testified that he and his wife were away during the week plaintiff was injured, and had not seen the tree fence in disrepair until the beginning of 2005. He also testified that he had never received any complaints about the tree fence. A representative from the New York City Department of Parks, which maintains the tree and responds to complaints about its surrounding area, testified that his office had not received notice of any problem with the

subject tree well. On November 3, 2005, plaintiff sued the Abelses and the City of New York.*

At the close of discovery, the Abelses moved for summary judgment. They argued that they did not have actual or constructive notice of a hazardous condition of a dislodged tree fence. In support of their motion, defendants included portions of the deposition transcripts of plaintiff, Mr. Abels, and the city official, as well as photographs taken by plaintiff the day after the accident. In opposition, plaintiff submitted an affidavit stating that she had seen the tree fence in a state of disrepair for "several months before [her] accident." Additionally, plaintiff submitted clearer photographs taken the day after the accident showing the house side of the tree fence leaning in towards the tree. The motion court granted defendants' motion, finding no evidence that defendants had actual or constructive notice of the tree fence lying on the sidewalk, thereby creating a tripping hazard.

We reverse. A landowner has a duty to maintain its property in a reasonably safe condition (*Basso v Miller*, 40 NY2d 233 [1976]). A plaintiff alleging injury caused by a dangerous condition must show that the defendant either created the condition (*Lewis v Metropolitan Transp. Auth.*, 99 AD2d 246, 249 [1984], *affd* 64 NY2d 670 [1984]), or failed to remedy it, despite actual or constructive notice thereof (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]; *Beck v J.J.A. Holding Corp.*, 12 AD3d 238 [2004], *lv denied* 4 NY3d 705 [2005]). The plaintiff must show that the defendant's negligence was a proximate cause of the injuries (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Moreover, on a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party, here plaintiff, affording her the benefit of every favorable inference which can be drawn from the evidence (*Boyd v Rome Realty Leasing Ltd. Partnership*, 21 AD3d 920 [2005]).

Applying these principles, we find issues of fact precluding summary dismissal. The parties' submissions, including excerpts from both Mr. Abels's and plaintiff's depositions, plaintiff's affidavit, and photographs of the site, raise issues as to whether: (1) the tree fence was in disrepair for months prior to the accident; (2) defendants had constructive notice of its damaged state; and (3) obstruction of the walkway by the dislodged portion of the fence was a foreseeable consequence of its condition (*see generally D'Ambrosio v City of New York*, 55 NY2d 454 [1982]).

---

* Plaintiff has stipulated to the removal of the City from this action. The only motion at issue on appeal is the one brought by the Abelses.

Relying upon *Gordon v American Museum of Natural History* (67 NY2d 836 [1986]) and *Early v Hilton Hotels Corp.* (73 AD3d 559 [2010]), the dissent would grant defendants summary judgment on the ground that defendants had no notice of "the fence lying on the sidewalk." However, unlike both *Early* and *Gordon,* here the record evidence contains sworn statements that the inside panel of a tree fence installed and existing on 120 Washington Place for almost 40 years was dislodged and that it had been in that condition for months prior to plaintiff's accident. The question of whether a fence in this state would obstruct the sidewalk is a question of foreseeability, for a jury's consideration, mindful of the fact that "[t]he precise manner of the event need not be anticipated" and "[a]n intervening act may not serve as a superceding cause . . . where the risk of the intervening act occurring is the very same risk which renders [defendants] negligent" (*Derdiarian* at 316). Concur—Gonzalez, P.J., Acosta and Manzanet-Daniels, JJ.

Saxe and Catterson, JJ., dissent in a memorandum by Catterson, J., as follows: The record establishes that although the fence surrounding the tree well may have been in some disrepair, the plaintiff tripped over a section of fence that had been dislodged and was lying on the sidewalk one foot away from the tree well.

In my view, the appropriate question is not whether it was foreseeable that a fence in some disrepair would move from the tree well to the middle of the sidewalk, but whether defendants had any notice of the fence lying on the sidewalk.

Our recent decision of *Early v Hilton Hotels Corp.* (73 AD3d 559 [2010]), relied upon by the plaintiff, is instructive in this regard. In *Early,* we summarized hornbook law on owner liability for a defective condition: "A defendant owner is charged with having constructive notice of a defective condition when the condition is visible, apparent, and exists for a sufficient length of time prior to the occurrence of an accident to permit the defendant to discover and remedy the condition (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838 [1986]; *Irizarry* [*v 15 Mosholu Four, LLC,* 24 AD3d 373 (2005)]). The absence of evidence demonstrating how long a condition existed prior to a plaintiff's accident constitutes a failure to establish the existence of constructive notice as a matter of law (*Anderson v Central Val. Realty Co.,* 300 AD2d 422, 423 [2002], *lv denied* 99 NY2d 509 [2003]; *McDuffie v Fleet Fin. Group,* 269 AD2d 575 [2000]). Alternatively, a defendant may be charged with constructive notice of a hazardous condition if it is proven that the condition is one that recurs and about which the de-

fendant has actual notice (*Chianese v Meier*, 98 NY2d 270, 278 [2002]; *Uhlich v Canada Dry Bottling Co. of N.Y.*, 305 AD2d 107, 107 [2003]). If such facts are proven, the defendant can then be charged with constructive notice of each condition's recurrence (*id.*; *Anderson* at 422)." (73 AD3d at 561.) In *Early*, the plaintiff alleged that she tripped and fell on a loose plastic packing strap on the sidewalk adjacent to defendant's premises. We found for the defendant on both actual and constructive notice because the defendant never saw straps on the sidewalk and received no complaints to that effect, the plaintiff had never seen straps at the location before, and most importantly, there was no evidence as to how long the strap had been on the sidewalk.

In the instant case, there were no prior complaints that the fence had become dislodged onto the sidewalk, nor is it apparent from the record that it had happened before. The defendants testified that they were unaware that there was anything wrong with the fence. Moreover, contrary to the majority's description of the fence as "dislodged," the plaintiff's sworn statements describe that section of the fence as "not upright as it should be" and "dislodged from the other sections." She testified that over a period of months she observed the fence "pushed inward toward the tree."

In my view, the majority improperly posits a triable issue as to foreseeability because it conflates notice of the fence's condition with constructive notice of its obstruction of the sidewalk. Precedent militates against such a convoluted application of the well-established principles governing a landowner's duty to maintain property in a reasonably safe condition. (*See Gordon v American Museum of Natural History*, 67 NY2d 836, 838 [1986] [general awareness that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's injury].)

In any event, there is no evidence of record that the condition of the fence itself caused the fence to be on the sidewalk, one foot from the tree well. Even if it was indisputable that the fence was "loose, dislodged from the other sections and basically lying against the tree," as a matter of law such a condition could not render it foreseeable that the dislodged section would travel away from the tree, out of the tree well and into the middle of the sidewalk. It is more likely, as the motion court observed, that it would "take some outside force" in order to move the section of fence. In other words, that someone or something dislodged the fence immediately prior to plaintiff's happening upon it. This case, therefore, is nothing more than a *Gordon* case and should be dismissed.