■ LYDIA ROMAN, Appellant, v MET-PACA II ASSOCIATES, L.P., Respondent. [925 NYS2d 447]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered June 28, 2010, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

To establish liability for an icy condition, a plaintiff must establish that a defendant had either actual or constructive notice of the particular condition (Simmons v Metropolitan Life Ins. Co., 84 NY2d 972, 973-974 [1994]; Slates v New York City Hous. Auth., 79 AD3d 435, 435-436 [2010], lv denied 16 NY3d 708 [2011]; Grillo v New York City Tr. Auth., 214 AD2d 648, 648-649 [1995], lv denied 87 NY2d 801 [1995]). Here, defendant established prima facie entitlement to summary judgment

insofar as it tendered evidence establishing the absence of both actual and constructive notice. Specifically, defendant's superintendent testified that at 9:30 A.M., approximately two hours prior to plaintiff's alleged accident, he did not see any ice on the ramp where plaintiff claims she fell thereby establishing the absence of actual notice (*Anderson v Central Val. Realty Co.*, 300 AD2d 422, 422-423 [2002], *lv denied* 99 NY2d 509 [2003]). Moreover, since plaintiff testified that prior to falling, she had not seen any ice on the ramp, defendant also established the absence of constructive notice (*McDuffie v Fleet Fin. Group*, 269 AD2d 575 [2000]; *Scirica v Ariola Pastry Shop*, 171 AD2d 859 [1991]).

Plaintiff's opposition fails to raise an issue of fact with respect to notice. In particular, we find unavailing her claim that the icy condition on the ramp was a recurrent one. A defendant may be charged with constructive notice of a hazardous condition if it is proven that there was a recurring condition of which the defendant has actual notice (*Chianese v Meier*, 98 NY2d 270, 278 [2002]; *Uhlich v Canada Dry Bottling Co. of N.Y.*, 305 AD2d 107, 107 [2003]). While plaintiff points to evidence that it had snowed a day or two prior to her fall and to the superintendent's testimony that when it snowed, the snow on the roof would melt and water would fall onto the ramp, this does not establish a recurring icy condition, especially in light of the superintendent's testimony that "this [was] the first time that ice accumulated like that."

We have considered plaintiff's other arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Freedman, Richter and Román, JJ. **[Prior Case History: 2010 NY Slip Op 31928(U).]**