Gallo v A.W. Arciere, Inc. (2018 NY Slip Op 06816)





Gallo v A.W. Arciere, Inc.


2018 NY Slip Op 06816


Decided on October 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 11, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Oing, JJ.


7311 21600/14E

[*1]Marcio B. Membreno Gallo, Plaintiff-Respondent,
v
A.W. Arciere, Inc., et al., Defendants-Appellants.


Koster, Brady & Nagler, New York (Louis E. Valvo of counsel), for appellants.
Mallilo & Grossman, Flushing (Joanna Lambridis of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered February 6, 2018, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Dismissal of the complaint is warranted in this action where plaintiff was injured when he slipped and fell on an icy patch on the sidewalk in front of defendants' market. Defendant submitted evidence showing that it did not create or have actual or constructive notice of the icy patch. Defendants' employee stated that she shoveled the sidewalk the night before the accident and salted the area and that there was no ice on the sidewalk when she left work that night. The employee also stated she did not see snow or ice when she arrived at work about 15 minutes before the accident. Plaintiff does not contradict this statement, and, in any event, provided no evidence as to how long the hazardous condition was present on the sidewalk in front of the market so as to raise a factual issue as to notice (see Roman v Met-Paca II Assoc., L.P., 85 AD3d 509, 510 [1st Dept 2011]). Furthermore defendants' employee provided that she also salted the area upon arriving at work as a precaution, and no evidence was presented to suggest that her conduct somehow created the hazardous condition (see Killeen v Our Lady of Mercy Med. Ctr., 35 AD3d 205 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 11, 2018
CLERK