Roa v City of New York (2020 NY Slip Op 06467)





Roa v City of New York


2020 NY Slip Op 06467


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Gische, J.P., Gesmer, Kern, Kennedy, JJ. 


Index No. 155116/2016 Appeal No. 12349 Case No. 2019-04312 

[*1]Belkys Roa, Plaintiff-Appellant,
v
The City of New York et al., Defendants- Respondents.


Pollack Pollack Isaac & DeCicco, LLP, New York (Christopher Soverow of counsel), for appellant.
Cartafalsa Turpin & Lenoff, New York (Lesley C. Siskind of counsel), for Abner Properties Company, respondent.
Office of Nadine Rivellese, New York (Stephen T. Brewi of counsel), for Consolidated Edison of New York, respondent.



Order, Supreme Court, New York County (Julio Rodriguez, III, J.), entered May 3, 2019, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on the issue of liability as against defendant Consolidated Edison Company of New York (Con Ed), unanimously affirmed, without costs.
On January 17, 2016, plaintiff allegedly tripped and fell on a raised sidewalk flag. It is undisputed that Con Ed had a nondelegable duty under 34 RCNY 2-07(b)(1) to inspect and maintain the area around the sidewalk flag, as it was within 12 inches of Con Ed's grate (see Storper v Kobe Club, 76 AD3d 426 [1st Dept 2010]). However, plaintiff is not entitled to summary judgment against Con Ed, because she failed to establish constructive notice as a matter of law (see Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]). The 2011 Google map upon which plaintiff's expert relies to prove constructive notice is inconclusive. Moreover, Con Ed raised a triable issue of fact as to whether it had notice of the sidewalk defect by submitting evidence that it found no such defect when it inspected the grate on February 26, 2014, and testimony by the managing agent of the building abutting the sidewalk that he had never complained to Con Ed about any defect (see Early v Hilton Hotels Corp., 73 AD3d 559, 561 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020