Pettinato v EQR-Rivertower, LLC (2024 NY Slip Op 03553)

Pettinato v EQR-Rivertower, LLC

2024 NY Slip Op 03553

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Moulton, J.P., Friedman, Kapnick, Shulman, Michael, JJ. 

Index No. 159909/16 Appeal No. 2579 Case No. 2023-01245 

[*1]Lauro Pettinato et al., Plaintiffs-Appellants,
v
EQR-Rivertower, LLC, et al., Defendants-Appellants, River Tower Owner, LLC, Defendant-Respondent, OldCastle BuildingEnvelope, Inc., Defendant.

McMahon, Martine & Gallagher, LLP, Brooklyn (Siobhain McSweeney of counsel), for Lauro Pettinato and Dustin Fishler, appellants.
Tyson & Mendes, LLP, New York (Bryan J. Ferrara of counsel), for EQR-Rivertower, LLC, EQR Rivertower A, LLC, EQR Rivertower B, LLC, EQR Rivertower C, LLC, EQR-Rivertower D, LLC and EQR-Rivertower E, LLC, appellants.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered February 9, 2023, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' (EQR defendants) and plaintiffs' motions to strike defendant River Tower Owner, LLC's (Owner) answer, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying the motions to strike Owner's answer (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]; 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486, 487 [1st Dept 2009]; see also CPLR 3126[3]). In response to numerous discovery demands, Owner advised that the EQR defendants, as the previous owner, along with nonparties GreenOak Real Estate Advisors, LP and GreenOak Property Management, LP (collectively, GreenOak), and Slate Property Group, would be in possession of the requested items. Pursuant to a court-ordered stipulation, Owner also provided a Jackson affidavit from Slate's director of property management, who averred that Slate assumed all records relating to the apartment from the EQR defendants, and that Slate was not in possession of any videos, photographs, or documents in any format with respect to inspections performed prior to the accident. Moreover, in response to plaintiffs' subpoenas to Slate and GreenOak, GreenOak served their response and provided a copy of the due diligence file, and Slate served its response and included a copy of the property condition assessment report, phase 1 environmental site assessment report, and emails with attachments. Because Owner was created in name only, through which Slate purchased the building, and had no employees, Slate and GreenOak were the entities in possession of the relevant demanded discovery, which was provided by them to plaintiffs and the EQR defendants.
Neither plaintiffs nor the EQR defendants offered evidence that Owner had or controlled the discovery items that Owner stated it did not possess. In fact, the EQR defendants and plaintiffs acknowledged that the requested discovery was neither generated nor maintained by Owner, but by nonparties Slate and GreenOak. The fact that plaintiffs and the EQR defendants do not believe that Slate and GreenOak turned
over their entire files is of no moment (see Calcados Samello, S. A. v Intershoe Inc., 78 AD2d 796, 796 [1st Dept 1980]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024