■ ANNA M. HOENIG, Appellant-Respondent, v PARK ROYAL OWNERS INC. et al., Respondents, and CONSOLIDATED EDISON, Respondent-Appellant. [671 NYS2d 55] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about November 13, 1996, which granted a motion for summary judgment dismissing the complaint as against the Park Royal defendants, and the order, same court and Justice, entered April 29, 1997, which, insofar as applicable, denied plaintiff's motion for renewal of the earlier order, unanimously affirmed, without costs. Order, same court (Martin Schoenfeld, J.), entered August 1, 1997, denying the motion for summary judgment by defendant Consolidated Edison (Con Ed), unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as against that defendant. The Clerk is directed to enter judgment in favor of defendant Consolidated Edison, dismissing the complaint as against it.

Plaintiff was severely injured when struck by a taxicab as she was leaving her Jaguar automobile, which she had just parked in front of the Park Royal on West 73rd Street in Manhattan, on a January evening in 1991. The road conditions were very icy, and the approaching taxi skidded and pinned plaintiff against the rear of her own car at curbside.

Snow and ice had accumulated on the street and sidewalk by the time plaintiff pulled up along the right-hand curb. A cantilever awning extended from the building out to the curb, covering an area of the sidewalk measuring about two car lengths. Along the curb, this area was designated "no parking."

Plaintiff pulled as close to the curb in the no-parking zone as possible (within about one car width) and exited, giving the keys to a valet (not employed by Park Royal) who customarily parked her car in exchange for a gratuity. She was not wearing overshoes as she made her way through the snow and slush, around the rear of her vehicle, toward the fateful point of impact.

Plaintiff sued the taxicab driver and his company, as well as defendants less directly involved in causing her injury. She alleged that the Park Royal defendants were negligent in causing or allowing snow and ice to pile up in the curb lane, and that Con Ed had left a tool cart chained to a post at the curb, thus preventing her from parking closer to the curb.

As Justice Tolub noted on Park Royal's motion, there is no evidence that defendant had created or been responsible for any defective condition, such as shoveling or piling snow or ice into the gutter, that might have prevented plaintiff from parking closer to the curb. Three inches of snow had already fallen that day, and snow and slush would have been splashed to the side of the street by passing vehicles, to say nothing of an occasional snowplow.

As to the Con Ed cart, which was evidently hitched to a lamp post at the forward end of the no-parking zone, testimony indicated its size as anywhere from one-third the length of a car (according to plaintiff) to six feet long (according to the valet). In either event, that still left a considerable space for a vehicle to pull in behind it. There is no evidence that any negligence by Con Ed in leaving its cart in the gutter in any way contributed to plaintiff's accident.

Even if the curbside pile of snow and the unattended tool cart could be viewed as conditions created by the negligence of Park Royal and Con Ed, those hazards were sufficiently remote from plaintiff's injury as to be non-proximate causes, as a matter of law (see, Di Ponzio v Riordan, 89 NY2d 578). "Where the acts of a third person intervene between the defendant's conduct and the plaintiff's injury * * * liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). Here, the immediate cause of plaintiff's injury was the taxicab, which was moving at a speed in excess of 25 miles per hour. (A policeman responding to the scene testified that he had difficulty controlling his own vehicle, even at less than 10 miles per hour.) That intervening act of negligence negated any proximate effect the acts of Park Royal and Con Ed might have had in causing the accident.

If anything, Park Royal and Con Ed merely contributed to the setting for the accident—a condition for the occurrence, rather than one of its causes (*Margolin v Friedman*, 43 NY2d 982; *Esposito v Rea*, 243 AD2d 536; *Williams v Envelope Tr. Corp.*, 186 AD2d 797). Summary judgment, properly accorded to the former, should also have been accorded to the latter. Concur—Sullivan, J. P., Wallach, Rubin, Williams and Tom, JJ.