■ KARAM SIDRA et al., Appellants-Respondents, v EUGENE BURPOE et al., Respondents-Appellants, and FEDERAL EXPRESS CORPORATION et al., Respondents. [681 NYS2d 25] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered September 8, 1997, which granted defendants-respondents' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Defendant-appellant was attempting to move his car out of a curbside parking spot but was blocked by defendant-respondents' double-parked delivery van. Attempting to move around the van, appellant struck the passenger side of plaintiff's cab as it was passing by, and ended up wedged in between plaintiff's cab and respondents' van. As plaintiff exited his cab and walked around to the passenger side to inspect the damage, appellant, attempting to disengage his car from the other two vehicles, moved forward and struck plaintiff, causing the personal injuries for which plaintiff sues. Assuming that respondents' van was illegally parked in violation of 34 RCNY 4-08 (f) (1), we agree with the IAS Court that the hazard created thereby was so remote from plaintiff's injury as not to be a proximate cause thereof as a matter of law (*cf., Hoenig v Park Royal Owners*, 249 AD2d 57, *lv denied* 92 NY2d 811). Concur—Sullivan, J. P., Milonas, Tom and Mazzarelli, JJ.