■ ANNA M. HOENIG, Respondent, v PARK ROYAL OWNERS, INC., et al., Defendants, and CITY OF NEW YORK et al., Appellants. [688 NYS2d 531] —Order, Supreme Court, New York County (Jane Solomon, J.), entered March 13, 1998, which, to the extent appealed from as limited by the brief, denied the motion of the municipal defendants pursuant to CPLR 3211 and 3212 to dismiss the complaint and cross claims against

them insofar as the motion sought dismissal of plaintiff's first cause of action, and implicitly denied that branch of the motion seeking dismissal of the cross claims, unanimously modified, on the law, to dismiss the cross claims against defendant New York City Health and Hospitals Corporation (HHC), and otherwise affirmed, without costs.

Plaintiff allegedly suffered serious injuries when a taxicab skidded on an icy street pinning her leg between the bumpers of the taxi and another car. She has sued the City to recover for her injuries alleging in her first cause of action that the City's failure to clear the street of snow and ice was a substantial factor in bringing about her harm. It is defendant City's contention that it may not be held liable upon this theory because it did not, as a matter of law, have sufficient time to remediate the hazard and because the accident was not, in any case, caused by that hazard but by the negligence of the taxicab driver. We agree, however, with the motion court that there are triable issues of fact both as to whether the City had sufficient opportunity to clear the street of snow and ice and as to whether the presence of snow and ice was a proximate cause of plaintiff's injury. While the City maintains in reliance on meteorological records that precipitation had ceased only hours prior to plaintiff's accident and that that interval was too brief to justify imposition of liability for failure to remediate the allegedly hazardous street condition (*see, e.g., Valentine v City of New York,* 86 AD2d 381, 382, *affd* 57 NY2d 932), plaintiff has presented proof that the subject street had been covered with a sheet of ice for days preceding the accident and this evidence raises a triable issue (*cf., Abaya v City of New York,* 257 AD2d 446) as to whether the City did in fact have a sufficient opportunity to remedy or reduce the complained of hazard. Nor can it be said as a matter of law that the handling of the taxicab was the sole cause of the accident. The extent, if any, to which the icy condition of the street concurrently contributed to plaintiff's harm is clearly a question for the jury. In this connection, we note that we did not hold on the prior appeal in this case (249 AD2d 57, *lv denied* 92 NY2d 811) that the cab driver's negligence was the exclusive cause of plaintiff's injury; we held only that the cab driver's negligence was an intervening cause cutting off any potential liability of defendants Con Edison and Park Royal Owners, Inc. The City's liability was not at issue on the prior appeal and nothing said in determining that appeal warrants the conclusion that the cab driver's negligence must be viewed as severing the causal nexus between negligence attributable to the City and plaintiff's accident.

We modify only to grant that part of the municipal defendants' motion seeking dismissal of the cross claims against HHC. Having dismissed the second cause of action against HHC, and, in effect, directed the dismissal of the complaint as against HHC, the motion court should also have dismissed the cross claims against that defendant.

We have reviewed appellants' remaining contentions, particularly with respect to the sufficiency of plaintiff's notice of claim, and find them to be unavailing. Concur—Ellerin, P. J., Rosenberger, Andrias, Saxe and Friedman, JJ.