■ EARL SMITH, Appellant, v 1327 JEFFERSON REALTY, INC., Defendant, and CITY OF NEW YORK, Respondent. [752 NYS2d 361] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated July 12, 2001, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when he slipped and fell on an icy snow-covered sidewalk in Ozone Park, Queens. Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it. A municipality is not liable in negligence for injuries sustained by a pedestrian who slips and falls on an icy and snow-covered sidewalk unless a reasonable amount of time has elapsed, subsequent to the cessation of the storm, for taking protective measures (*see Robles v City of New York,* 255 AD2d 305, 306; *Urena v New York City Tr. Auth.,* 248 AD2d 377). The evidence submitted by the City in support of its motion, which included climatological reports of nearby areas and the plaintiff's testimony at a hearing held pursuant to General Municipal Law § 50-h, established that precipitation was still falling at the time of the accident. The City thereby established its prima facie entitlement to summary judgment (*see Baum v Knoll Farm,* 259 AD2d 456).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's allegation that the accident resulted from a prior snowfall was purely speculative (*see Bernstein v City of New York,* 69 NY2d 1020, 1022; *Reid v New York City Tr. Auth.,* 283 AD2d 414, 415). Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.