■ BETTY E. KATZ, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [784 NYS2d 45]—

Order, Supreme Court, New York County (Faviola Soto, J.), entered June 12, 2003, which, to the extent appealed from as limited by the brief, granted the motion of defendant City of New York for summary judgment dismissing the complaint and cross claims against it, unanimously affirmed, without costs.

The certified meteorological records adduced by defendant City established that after a series of snowfalls in the subject area, the last of which occurred five days before plaintiff's alleged fall on a patch of sidewalk ice, there was a two-day thaw

directly followed by a sharp temperature drop in the hours immediately preceding plaintiff's accident. This evidence, in combination with testimony to the effect that the hazard had not been noted by persons familiar with the location, or indeed plaintiff, prior to the accident, and plaintiff's testimony that although she never actually saw the condition of the sidewalk, she was able to feel that the ice upon which she slipped was "smooth," demonstrated, prima facie, that the City had neither actual nor constructive notice of the complained of ice hazard (*see Valentine v City of New York*, 86 AD2d 381 [1982], *affd* 57 NY2d 932 [1982]; *and see Smith v 1327 Jefferson Realty*, 300 AD2d 466 [2002]). Plaintiff's hypothesis that the City may be chargeable with the duty to remediate the subject hazard since the hazard may have dated from the snowfall days in advance of the accident and not from the documented thaw and freeze immediately preceding it was speculative and, as such, insufficient to raise a triable issue (*see id.*). Concur—Tom, J.P., Sullivan, Lerner, Gonzalez and Catterson, JJ.