Pena v City of New York (2018 NY Slip Op 03477)





Pena v City of New York


2018 NY Slip Op 03477


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


6555 303162/11

[*1]Robyn Pena, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, entered on or about November 12, 2015, which granted defendant City of New York's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The City established entitlement to judgment as a matter of law in this action for personal injuries sustained when plaintiff slipped and fell on "black ice," while crossing a cleared crosswalk, eight days after there was a snowfall of about 20 inches. The City submitted evidence showing it neither created nor had actual or constructive notice of the black ice that allegedly caused plaintiff's fall, including deposition testimony from a Department of Sanitation supervisor detailing the City's extensive snow and ice removal efforts in the area of the accident in the days preceding the accident. The City also submitted climatological records showing temperature fluctuations above and below freezing in the two days before the date of the accident, and freezing temperatures in the hours immediately preceding plaintiff's fall. Thus, the City demonstrated that it would be speculative to conclude that it caused or had sufficient time to remedy the subject icy condition (see Saavedra v City of New York, 137 AD3d 421 [1st Dept 2016]). The City further showed lack of constructive notice by submitting plaintiff's deposition testimony that the crosswalk appeared to have been cleared for safe crossing and that she did not observe the black ice until after she fell (see Keita v City of New York, 129 AD3d 409 [1st Dept 2015]; Killeen v Our Lady of Mercy Med. Ctr., 35 AD3d 205 [1st Dept 2006]).
In opposition, plaintiff failed to raise an issue of fact. She provided no evidence of actual or constructive notice of the black ice in the crosswalk, which she admittedly did not see. Plaintiff also failed to provide any nonspeculative basis for finding that the City's snow clearing efforts were negligent or that they exacerbated the dangerous conditions that were created by the blizzard (see Espinal v Melville Snow Contrs., 98 NY2d 136, 142 [2002]; Katz v City of New York, 11 AD3d 391 [1st Dept 2004]). The opinion of plaintiff's expert that the City should
have checked the crosswalk twice daily for possible "thaw and refreeze," was unsupported by reference to any authority, standard, or other corroborating evidence (see Cassidy v Highrise Hoisting & Scaffolding, Inc., 89 AD3d 510, 511 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK