Ferguson v City of New York (2022 NY Slip Op 06549)

Ferguson v City of New York

2022 NY Slip Op 06549

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kapnick, J.P., Webber, Friedman, Gesmer, Singh, JJ. 

Index No. 157402/17 Appeal No. 16692 Case No. 2022-00956 

[*1]Tanya Ferguson, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent, Metropolitan Transportation Authority et al., Defendants.

William Schwitzer & Associates, P.C., New York (Travis Wong of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Benjamin H. Pollak of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered August 23, 2021, which granted the motion of defendant the City of New York for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff alleges that in February 2017, as she was walking on the pedestrian walkway through the overpass at East 108th Street and Park Avenue, she slipped on ice on the walkway and fell. According to plaintiff, while it was cold on the day of the accident it was not raining or snowing. Plaintiff testified that as she took about five steps into the tunnel, she fell on the ice on the walkway that was nearly as wide as the entrance. After the accident, plaintiff noticed water leaking from the roof of the tunnel onto the walls, as well as icicles hanging from the ceiling.
As a threshold matter, the City failed to establish its entitlement to the storm-in-progress defense. The City failed to eliminate all triable issues of fact of whether plaintiff's accident occurred while the storm was still in progress or whether there was a significant lull in the storm that afforded the City a reasonable opportunity to clear the pedestrian walkway (see Rodriguez v Woods, 121 AD3d 474, 476 [1st Dept 2014]; Hoenig v Park Royal Owners, 260 AD2d 250, 251 [1st Dept 1999]).
However, the City established its entitlement to summary judgment by making a prima facie showing that although it is responsible for maintaining the pedestrian walkway, it had no actual notice of the alleged icy condition. The record shows that the City did not receive any complaints about the walkway before the accident. Its witness from the Department of Sanitation testified that it never removed snow or ice from the walkway during ongoing storms, focusing instead on the roads. In addition, plaintiff testified that she never saw the City working in the tunnel before her fall, never complained to the City about the tunnel's condition, and was unaware if anyone else complained about the condition. Plaintiff also testified that she did not see any ice on the pedestrian walkway when she walked through the tunnel, four days before the accident.
In response to the City's prima facie showing, plaintiff failed to raise a triable issue of fact regarding actual or constructive notice. Plaintiff failed to submit any evidence as to when the ice formed on the walkway (see Early v Hilton Hotels Corp., 73 AD3d 559, 561 [1st Dept 2010]; Katz v City of New York, 11 AD3d 391, 392 [1st Dept 2004]), or any evidence of an ongoing and recurring dangerous condition that the City was aware of but routinely left unaddressed (see Irizarry v 15 Mosholu Four, LLC, 24 AD3d 373, 373 [1st Dept 2005]). Plaintiff's deposition testimony does not establish that water was routinely dripping from the tunnel's ceiling and forming icy conditions on the walkway, or that the ice was caused by water dripping from above. While the inspection reports created by defendant Metro North Commuter [*2]Railroad, which co-owned the overpass with defendant Metropolitan Transportation Authority, indicate that the tunnel was allowing water to leak in, there is no evidence those reports were provided to the City prior to the accident (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022