Alburquerque v Bedford Park Deli, Inc. (2024 NY Slip Op 03533)

Alburquerque v Bedford Park Deli, Inc.

2024 NY Slip Op 03533

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, O'Neill Levy, JJ.

Index No. 26589/15 Appeal No. 2558 Case No. 2023-04039 

[*1]John E. Alburquerque, Plaintiff-Appellant,
v
Bedford Park Deli, Inc., et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Brooks & Berne, PLLC, Elmsford (Michael E. Andreou of counsel), for Bedford Park Deli, Inc., Bedford Park Candy and Deli and Saleh Makshar, respondents.
Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Christopher Simone of counsel), for Tri State Management Inc. and Villford Realty Corp., respondents.

Judgment, Supreme Court, Bronx County (Joseph E. Capella, J.), entered March 21, 2023, after a jury trial, in favor of defendants dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that he slipped on a patch of ice in front of 26-28 Bedford Park Boulevard, which is owned by defendant Villford Realty Corp. and managed by defendant Tri State Management, Inc. There was no testimony as to when the patch of ice plaintiff slipped on was formed and thus no proof that it existed for a sufficient time to provide notice (see Early v Hilton Hotels, Corp., 73 AD3d 559, 561 [1st Dept 2010]). Accordingly, a directed verdict was properly granted to defendants Tri State Management, Inc., and Villford Realty Corp. Plaintiff testified that the ice patch was formed sometime after the freezing rain and snow that occurred on February 2, 2015. This theory was speculative. In fact, the climatological data showed temperature fluctuations below and above freezing in the two days before the date of the accident on February 5, 2015, including a period of warming for 21 hours prior to the accident (see Saavedra v City of New York, 137 AD3d 421, 422 [1st Dept 2016]; Katz v City of New York, 11 AD3d 391, 391-392 [1st Dept 2004]). In addition, plaintiff did not have an expert to interpret the data in support of his theory (see Batista v Hancock, 190 AD3d 451 [1st Dept 2021]).
The jury verdict in favor of Bedford Park Deli, Inc., Bedford Park Candy and Deli, and Selah Makshar (collectively, Bedford Park Deli) was not insufficient or against the weight of the evidence. We reject as unpreserved plaintiff's argument that the verdict was inconsistent because it found that those defendants negligently created the ice condition, but that the condition was not a substantial factor in causing plaintiff's injuries. Plaintiff failed to raise that ground and seek clarification before the jury was released (see Barry v Manglass, 55 NY2d 803, 806 [1981]; Marquez v 171 Tenants Corp., 220 AD3d 575, 576-577 [1st Dept 2023]; Hernandez v Consolidated Edison Co. of N.Y., Inc., 198 AD3d 564, 565 [1st Dept 2021]).
Plaintiff moved to strike the answer of Bedford Park Deli on the ground that Makshar and one of the Deli's employees did not respond to subpoenas served on defense counsel directing them to appear to testify at trial. The court properly denied that relief and instead issued missing witness charges, which were the appropriate remedy (see Trainor v Oasis Roller World, Inc., 151 AD2d 323, 325 [1st Dept 1989]). The trial court also properly denied plaintiff's motion to strike Bedford Park Deli's answer or, alternatively, issue an adverse charge on spoliation grounds. Plaintiff failed to make the requisite showing that defendant negligently or intentionally destroyed relevant evidence, as he failed to show that the outdoor security camera would have captured the area of plaintiff's fall (see Mohammed v Command Sec. Corp., 83 AD3d 605, 605 [1st Dept 2011], lv [*2]denied 17 NY3d 708 [2011]).
It was also not error to permit defendants to call an expert orthopedist to testify as to plaintiff's medical records and to rebut his expert's testimony instead of the physician who conducted plaintiff's medical examination on behalf of defendants, as that physician became unavailable for medical reasons. The CPLR 3101(d) notice was neither untimely nor insufficient. Furthermore, the trial court providently exercised its discretion in permitting the expert testimony as plaintiff did not seek to strike it until the trial was underway (see Rivera v Montefiore Med. Ctr., 28 NY3d 999, 1002 [2016]; Gallo v Linkow, 255 AD2d 113, 117 [1st Dept 1998]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024