■ BENSON PARK ASSOCIATES, LLC, Respondent, v ALEXANDER HERMAN, Appellant. [899 NYS2d 614]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered September 17, 2009, which, in an action for legal malpractice arising out of defendant's representation of plaintiff in an action for breach of contract, denied defendant's motion to vacate a default judgment, unanimously affirmed, without costs.

In the underlying action, defendant failed timely to file an answer on behalf of plaintiff, and a default judgment was entered against it (*Mega Constr. Corp. v Benson Park Assoc., LLC*, 60 AD3d 826 [2d Dept 2009]).

A party seeking to vacate a judgment on the basis of excusable default must demonstrate both a reasonable excuse and a meritorious defense (*Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417, 419 [2007]). The court properly denied defendant's third request for an adjournment of plaintiff's motion for partial summary judgment (*see Matter of Desmond K.*, 59 AD3d 240 [2009], *lv denied* 12 NY3d 711 [2009]; *Treppeda v Treppeda*, 212 AD2d 592 [1995]). While in support of the motion to vacate the default, defendant claimed that he had had a "previously scheduled engagement," he offered nothing to substantiate this claim. Moreover, at no time after the motion for partial summary judgment was submitted did defendant seek leave to submit opposition. In addition, defendant failed to offer a meritorious defense to the malpractice claim, other than to question the amount of damages.

The court properly searched the record in granting plaintiff judgment in the amount that plaintiff was required to pay in the underlying action. Plaintiff established that it had potential counterclaims exceeding the amount of judgment, claims which are now barred by res judicata (*see Santiago v Lalani*, 256 AD2d 397 [1998]). Concur—Mazzarelli, J.P., Sweeny, Freedman, Richter and Manzanet-Daniels, JJ.