■ PAULA LOCKARD, Appellant, v BETTY SOPOLSKY et al., Respondents. [920 NYS2d 46]—

Defendant failed to demonstrate the reasonable excuse and meritorious defense required to vacate a judgment on the ground of excusable default (CPLR 5015 [a]; *see Benson Park Assoc., LLC v Herman*, 73 AD3d 464, 465 [2010]). The record shows that she was represented by counsel, obtained multiple extensions of time to answer the complaint, and was aware of upcoming deadlines. Nevertheless, counsel failed to serve an answer or request an additional extension of time to serve, and defendant offered no explanation for this failure (*see Youni Gems Corp. v Bassco Creations Inc.*, 70 AD3d 454, 455 [2010], *lv dismissed* 15 NY3d 863 [2010]; *Tandy Computer Leasing v Video X Home Lib.*, 124 AD2d 530, 531 [1986]). In defense of this personal injury action alleging that defendant failed to maintain the sidewalk abutting her building in a reasonably safe condition, defendant claims that the defect may have been caused by the City of New York six years earlier. This defense is unsup-

ported by any evidence (*see Facsimile Communications Indus., Inc. v NYU Hosp. Ctr.*, 28 AD3d 391, 392 [2006]; *Peacock v Kalikow*, 239 AD2d 188, 190 [1997]). Moreover, even if proved, it would not absolve defendant, an abutting landowner with constructive notice of the defect, from liability (*see Early v Hilton Hotels Corp.*, 73 AD3d 559, 561 [2010]; Administrative Code of City of NY § 7-210). Concur—Tom, J.P., Sweeny, Catterson, Acosta and Manzanet-Daniels, JJ.