■ BARBARA SEHNERT et al., Respondents-Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, CITY OF NEW YORK, Respondent, and BROADWAY TENTH PROPERTY LLC et al., Appellants. (And a Third-Party Action.) [942 NYS2d 871]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered January 24, 2011, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for sum-

mary judgment on the issue of liability as against defendant City of New York, denied defendants Broadway Tenth Property LLC's and Ernest Realty Associates, LLC's motion for summary judgment dismissing the complaint as against them, and granted the City's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff Barbara Sehnert allegedly sustained injuries after exiting a bus and tripping and falling over a piece of metal protruding from the sidewalk. Plaintiffs contend that the piece of metal was a broken signpost that the City installed and removed. However, as they concede, they submitted no evidence that established that the piece of metal was a sign or signpost installed or removed by the City and thus failed to show that the City caused or created the alleged sidewalk defect. Nor did they show that the City had prior written notice of the alleged defect (*see* Administrative Code of City of NY § 7-201 [c] [2]).

Defendants Broadway Tenth and Ernest Realty, as the owners of property abutting the public sidewalk, may be held liable in negligence for injuries resulting from sidewalk defects (*see* Administrative Code § 7-210 [a]; § 19-101 [d]; *Early v Hilton Hotels Corp.*, 73 AD3d 559 [2010]; *Lockard v Sopolsky*, 82 AD3d 657 [2011]). The cases on which defendants rely in support of their argument to the contrary involve accidents that occurred before September 2003, the effective date of Administrative Code § 7-210 (a) (*see Early*, 73 AD3d at 560). Concur—Tom, J.P., Andrias, DeGrasse and Richter, JJ.