■ Confesora Martinez, Respondent, v Government Employees Ins. Co., Appellant. [978 NYS2d 163]—

Plaintiff failed to take any action to seek relief from the dismissal order until a year after it was issued (*see Forbes v New York City Tr. Auth.*, 88 AD3d 546 [1st Dept 2011]). While a court retains discretionary power to vacate a default judgment in the interest of justice, even when the motion is made more than a year after service of notice of entry, "that discretion should not be exercised where, as here, the moving party has demonstrated a lack of good faith, or been dilatory in asserting its rights" (*Greenwich Sav. Bank v JAJ Carpet Mart*, 126 AD2d 451, 452 [1st Dept 1987]).

In any case, plaintiff failed to demonstrate a reasonable excuse and the legal merit of her asserted claim (*see Benson Park Assoc., LLC v Herman*, 73 AD3d 464 [1st Dept 2010]). Counsel's explanation that an unnamed attorney had appeared on the return date of the motion to request an adjournment and also appeared at a status conference scheduled in the courtroom was denied in a sworn statement by defendant's counsel. The complaint verified by counsel and the affirmation submitted by counsel in support of another motion are not made by a person with personal knowledge and, moreover, fail to provide specifics of the fraud and other claims (*see Paez v 1610 St. Nicholas Ave. L.P.*, 103 AD3d 553, 554 [1st Dept 2013]; *Peacock v Kalikow*, 239 AD2d 188, 190 [1st Dept 1997]). Concur—Gonzalez, P.J., Tom, Renwick, Manzanet-Daniels and Feinman, JJ.