Port Auth. of N.Y. & N.J. v Guardian Serv. Indus., Inc. (2018 NY Slip Op 06705)





Port Auth. of N.Y. & N.J. v Guardian Serv. Indus., Inc.


2018 NY Slip Op 06705


Decided on October 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Singh, JJ.


7273N 101710/16 590192/13 590331/10

[*1] Port Authority of New York and New Jersey, Plaintiff-Respondent,
v
Guardian Service Industries, Inc., Defendant-Appellant.
Guardian Services Industries, Inc., Third-Party Plaintiff-Appellant,
v
Moretrench American, Third-Party Defendant-Appellant.
Guardian Service Industries, Inc., Second Third-Party Plaintiff-Appellant,
v
Nicholson/E.E. Cruz, LLC, Second Third-Party Defendant-Respondent.
Moretrench American, Corporation, Third Third-Party Plaintiff-Appellant,
v
Phoenix Constructors, et al., Third Third-Party Defendants-Respondents.

Bonner Kiernan Trebach & Crociata LLP, New York (Jae W. Joo of counsel), for Guardian Service Industries, Inc., appellant.
Smith, Mazure, Director, Wilkins, Young & Yagerman, P.C., New York (Stacy I. Malinow of counsel), for Moretrench American, Corporation, appellant.
Gerber Ciano Kelly Brady LLP, Garden City (Matthew V. Bruno of counsel), for respondents.


Order, Supreme Court, New York County (Carol R. Edmead, J.), entered April 17, 2017, which granted plaintiff and second third-party defendant's (Nicholson) motion to vacate their default, unanimously affirmed, without costs.
The motion court providently exercised its discretion in determining that plaintiff and Nicholson demonstrated a reasonable excuse for their default and, respectively, a meritorious cause of action and a meritorious defense (see Benson Park Assoc., LLC v Herman, 73 AD3d 464 [1st Dept 2010]). The court concluded that the attorney representing plaintiff and Nicholson suffered from various problems including health issues and that his clients should not be prejudiced by his conduct. The court found that the merit of plaintiff's claim and Nicholson's [*2]defense of contractual and common law indemnification was demonstrated by the contracts and the testimony of witnesses that water on the job site may have been a proximate cause of the underlying accident.
We have considered appellants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 9, 2018
CLERK