Matter of Wimbledon Fin. Master Fund, Ltd. v Sage Group Consulting Inc. (2019 NY Slip Op 09109)





Matter of Wimbledon Fin. Master Fund, Ltd. v Sage Group Consulting Inc.


2019 NY Slip Op 09109


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Friedman, J.P., Webber, Gesmer, Kern, JJ.


10623 654559/17

[*1] In re Wimbledon Financing Master Fund, Ltd., Petitioner-Respondent,
v
Sage Group Consulting Inc., et al., Respondents-Appellants, Aaron A. Grunfeld, et al., Respondents.


Parlatore Law Group, LLC, New York (Scott D. Brenner of counsel), for appellants.
Kaplan Rice LLP, New York (John P. Collins, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered October 15, 2018, which denied Sage Group Consulting Inc. and Parmjit "Paul" Parmar's (respondents) motion to vacate the default judgment against them, unanimously affirmed, without costs.
To vacate a default judgment under CPLR 5015(a), a defendant "must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]).
Respondents failed to establish a reasonable excuse for their default in answering the petition (Lockard v Sopolsky, 82 AD3d 657 [1st Dept 2011]). The incarceration of Parmar, who was represented by counsel at the time, did not provide a reasonable excuse for his default, and certainly not for that of Sage Group Consulting Inc. (Matter of Kathy C. v Alonzo E., 157 AD3d 503 [1st Dept 2018]).
Respondents also have not established a meritorious defense. In particular, they have not demonstrated fair consideration or good faith in connection with the subject conveyance (Sardis v Frankel, 113 AD3d 135, 141 [1st Dept 2014]; see Reed Smith LLP v LEED HR, LLC, 156 AD3d 420 [1st Dept 2017]). Moreover, this Court has previously acknowledged the evidence of fraud involved in the underlying transactions and related transfers (Matter of Wimbledon Fin. Master Fund, Ltd. v Wimbledon Fund, SPC, 162 AD3d 433 [1st Dept 2018]; Matter of Wimbledon Fin. Master Fund, Ltd. v Bergstein, 166 AD3d 496 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK