Voulkoudis v Frantzeskakis (2020 NY Slip Op 03597)





Voulkoudis v Frantzeskakis


2020 NY Slip Op 03597


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Friedman, J.P., Richter, Gesmer, Oing, Singh, JJ.


154460/15 -11695A 11695 11694

[*1] Nick Voulkoudis, Plaintiff-Respondent,
v
George Frantzeskakis, et al., Defendants-Appellants.


Warshaw Burstein, LLP, New York (Pankaj Malik of counsel), for appellants.
Panteris & Panteris, LLP, Bayside (George Panteris of counsel), for respondent.



Judgment, Supreme Court, New York County (Tanya R. Kennedy, J.), entered June 18, 2018, in plaintiff's favor against defendant George Frantzeskakis, unanimously affirmed, with costs. Appeal from so-ordered transcript, same court and Justice, entered on or about June 22, 2018, which denied Mr. Frantzeskakis's motion to vacate an order, same court (Ellen M. Coin, J.), dated June 28, 2016, granting plaintiff's motion for a default judgment against defendants on the issue of liability, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeal from statement of judgment, same court (Kennedy, J.), entered August 6, 2018, in plaintiff's favor against defendant Raw Organics, Inc., unanimously dismissed, without costs, as abandoned.
Plaintiff met his burden of demonstrating proper service of process on Mr. Frantzeskakis by a preponderance of the evidence (see e.g. Citibank, N.A. v K.L.P. Sportswear, Inc., 144 AD3d 475, 476 [1st Dept 2016]). We find no basis for disturbing the traverse court's findings of fact, which in large part turned on witness credibility (see e.g. Holtzer v Stepper, 268 AD2d 372 [1st Dept 2000]).
In their papers on their motion to vacate their default, defendants did not make an issue of whether plaintiff's process server was licensed on May 16, 2015 (the date of service).
Defense counsel failed to object when the court asked Mrs. Frantzeskakis questions; hence, Mr. Frantzeskakis's appellate arguments are unpreserved (see e.g. People v Bowen, 50 NY2d 915 [1980]). Were we to consider them on the merits, we would find them unavailing.
The motion court providently exercised its discretion in finding that Mr. Frantzeskakis failed to establish a reasonable excuse for his delay in answering the complaint (see e.g. U.S. Bank N.A. v Martinez, 139 AD3d 548, 549-550 [1st Dept 2016]; Citibank, 144 AD3d at 476). Since he failed to set forth a reasonable excuse, the court did not have to consider whether he had a meritorious defense (see e.g. Time Warner City Cable v Tri State Auto, 5 AD3d 153 [1st Dept 2004], lv dismissed 3 NY3d 656 [2004]; Citibank, 144 AD3d at 476-477).
On appeal, defendants make no arguments as why the statement of judgment against Raw Organics (as opposed to the judgment against Mr. Frantzeskakis) should be reversed. Hence, we dismiss the appeal from the statement of judgment as abandoned.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK