New Globaltex Co., Ltd. v Zhe Lin (2021 NY Slip Op 05822)





New Globaltex Co., Ltd. v Zhe Lin


2021 NY Slip Op 05822


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Kern, J.P., Oing, Singh, Mendez, Higgitt, JJ. 


Index No. 152361/13 Appeal No. 14483 Case No. 2021-02645 

[*1]New Globaltex Co., Ltd., Plaintiff-Respondent,
v
Zhe Lin (Also Known as Jessica Lin), Individually and as a Successor in Interest to Pioneer International Trading Inc., Defendant-Appellant, Imperial International Trading Inc., Defendant.


Law Offices of Xuejie Wong PLLC, New York (Xuejie Wong of counsel), for appellant.
Soong & Liu, New York (Arthur Soong of counsel), for respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered December 23, 2020, which denied defendant Zhe Lin's motion to vacate a default judgment, unanimously affirmed, with costs.
Plaintiff met its burden of demonstrating proper service of process on defendant under CPLR 308(2) by a preponderance of the evidence adduced at the traverse hearing (see Voulkoudis v Frantzeskakis, 184 AD3d 516 [1st Dept 2020]). The testimony of the process server and the principal of the process serving company provided a proper foundation for the admission of certain business records (see CPLR 4518) that demonstrated that service of process was effected on defendant by delivery of the process to a person of suitable age and discretion at an address in Flushing, New York.
Service at the Flushing address was valid under CPLR 308(2) in light of the several deeds submitted in evidence reflecting that defendant used that address as her address. Even assuming that, as she claimed, defendant also used another address, she failed to establish that she had no connection to the Flushing address during the relevant time period (see e.g. CitiMortgage Inc. v Scott, 157 AD3d 507 [1st Dept 2018]).
Defendant failed to demonstrate a reasonable excuse for her failure to appear in the action (see Benson Park Assoc., LLC v Herman, 73 AD3d 464, 465 [1st Dept 2010]). Relying on her testimony, as well as a bank statement and a transit account statement at another address, she argued that she did not receive the complaint and did not reside at the Flushing address. However, the statements do not show that defendant resided at a different address, and other evidence shows that she declared the Flushing address as her address during the relevant time period.
In view of her failure to demonstrate a reasonable excuse for her default, we need not reach whether defendant demonstrated a meritorious defense to the action (see id.).
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021