City Natl. Bank v Baby Blue Distribs., Inc. (2021 NY Slip Op 06537)





City Natl. Bank v Baby Blue Distribs., Inc.


2021 NY Slip Op 06537


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Kern, J.P., Gesmer, González, Shulman, Higgitt, JJ. 


Index No. 159354/20 Appeal No. 14699 Case No. 2021-01792 

[*1]City National Bank, Plaintiff-Respondent,
v
Baby Blue Distributions, Inc., et al., Defendants-Appellants.


Craig Stuart Lanza, Brooklyn, for appellants.
Davis + Gilbert LLP, New York (David S. Greenberg of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about February 8, 2021, which denied defendants' motion to vacate a default judgment entered against them, unanimously affirmed, with costs.
We agree with the motion court that while defendants offered a reasonable excuse for their default, they failed to demonstrate a meritorious defense to this action for repayment of a promissory note (see CPLR 5015[a][1]; Benson Park Assoc., LLC v Herman, 73 AD3d 464 [1st Dept 2010]). Defendants asserted the defense of impossibility predicated on the economic impact of government COVID-19-related regulations upon nonessential business activity such as their clothing store. However, the pandemic did not destroy the subject matter of the contract, i.e., defendants' loan from plaintiff (see Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987]). Defendants still possessed or made use of the loaned funds. Nor did the pandemic destroy the means of performance (see id.). Defendants' repayment obligation was not conditioned upon the store remaining a viable concern; moreover, the note provided for repayment of the loan by its guarantors in the event the store could not perform. Under the terms of the note, repayment of the full balance of the loan, plus interest, was due by March 29, 2019, almost a year before the start of the pandemic. Plaintiff later agreed to extend that date to July 29, 2019, then to November 29, 2019, and then, finally, to May 29, 2020. Only the final extension date fell during the pandemic, and the sole affidavit submitted by defendants did not demonstrate with any specificity how the pandemic rendered them unable to pay their obligation to plaintiff.
Moreover, the affidavit of defendant Tamir, the only affidavit of any guarantor offered in support of the vacatur motion, was insufficient to establish the defense of impossibility (see 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561, 561-62 [1st Dept 2021], appeal dismissed 37 NY3d 1040 [2021]).
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021