AMK Capital Corp. v Plotch (2026 NY Slip Op 00572)

AMK Capital Corp. v Plotch

2026 NY Slip Op 00572

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Manzanet-Daniels, J.P., González, Shulman, Pitt-Burke, Chan, JJ. 

Index No. 32374/17|Appeal No. 5759-5760-5761-5762-5763-5764|Case No. 2024-02293 2024-05263 2024-06331|

[*1]AMK Capital Corp., etc., Plaintiff,
vAdam Plotch etc., Defendant-Appellant, Cifre Realty Corp., et al., Defendants, Magdy Mikhail et al., Defendants-Respondents. 

Adam Plotch, appellant pro se.
Herrick Feinstein LLP, New York (Meaghan Roe of counsel), for respondents.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered on or about February 28, 2024, which, following a traverse hearing, denied defendant's CPLR 5015(a)(4) motion to vacate the judgment of foreclosure and sale, set aside the deeds following the foreclosure sale, and dismiss the complaint, unanimously affirmed, with costs. Order, same court and Justice, entered on or about July 3, 2024, which denied defendant's CPLR 4404(b) motion to make new findings of fact, unanimously dismissed, without costs. Order, same court and Justice, entered September 17, 2024, which, to the extent appealed from as limited by the briefs, denied defendant's motion for leave to renew the order entered on or about July 3, 2024, denying his CPLR 4404(b) motion, unanimously affirmed, with costs.
The court properly concluded that intervenors Magdy and Olga Mikhail met their burden of demonstrating proper service of process under CPLR 308(2) by a preponderance of the evidence at the traverse hearing (see Voulkoudis v Frantzeskakis, 184 AD3d 516, 517 [1st Dept 2020]). The process server's testimony and the documentary evidence were sufficient to establish that service of process was effectuated on defendant by delivery of the process "to a person of suitable age and discretion" at defendant's residence (CPLR 308[2]). Defendant did not object to the admission of the process server's logbook, and although he initially objected to the work ticket's admissibility he withdrew the objection. The court properly credited the process server's testimony, and "there is no basis to disturb the court's credibility determinations at the traverse hearing, which are entitled to deference" (see e.g. Bertotti v Lief, 237 AD3d 565, 566 [1st Dept 2025]).
The court also providently declined to grant the requested continuance (see generally Guzman v 4030 Bronx Blvd. Assoc. L.L.C., 54 AD3d 42, 52 [1st Dept 2008]). Defendant failed to establish that he acted diligently (see Matter of State Farm Fire & Cas. Co. v Jackson, 165 AD3d 518, 519 [1st Dept 2018]). While defendant knew that the Mikhails suspected that his mother was the individual served as his residence and sought to obtain her testimony, defendant's mother failed to appear. Defendant's mother was the individual in the best position to describe her own appearance and to contest service.
Finally, the court providently denied defendant's motion to renew his CPLR 4404(b) motion (see Matter of John Jay Coll. of Criminal Justice of City Univ. of N.Y., 74 AD3d 460, 462 [1st Dept 2010], lv dismissed and denied, 16 NY3d 889 [2011], cert denied 566 US 982 [2012]). The court's "discretion to reopen a case . . . should be sparingly exercised" (id.). Considering defendant's conduct surrounding his mother's failure to appear at the traverse hearing, the court was entitled to conclude that defendant's decision not to call his mother as a witness was tactical rather than based on an inability to procure her testimony.
No appeal lies from the court's July 3, 2024 order, which merely denied defendant's original CPLR 4404(b) motion without prejudice solely because he failed to submit his papers in proper form (see AMK Capital Corp. v CIFRE Realty Corp., 212 AD3d 402, 402 [1st Dept 2023]).
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026